## Koenigsberg v. Lennig, Appellant.

*Guaranty—Consideration—Release of lien.*

Where the consideration for a contract of guaranty was the release of a right to lien a building, it is immaterial that, at the time the contract was signed, a release of liens had already been executed. In such a case the guarantor received the consideration for which he gave the guaranty at the very moment he signed the contract.

*Guaranty—Promissory note—Extension of time.*

Where a contract of guaranty for the payment of promissory notes provides that no extension of the notes should in any way affect or release the liability of the guarantor, the fact that one note for thirty-two hundred dollars at two months was given in place of two notes for sixteen hundred dollars each, one at one month and the other at two months, as originally contemplated, will not release the guarantor. In such a case the enlargement of the time of payment of one of the sixteen hundred dollar notes for one month was nothing more than an extension of that note.

Argued March 27, 1894.    Appeal, No. 234, Jan. T., 1894, by defendant, Charles F. Lennig, from order of C. P. No. 2, Phila. Co., Sept. T., 1893, No. 112, making absolute rule for

judgment for want of sufficient affidavit of defence. Before
GREEN, WILLIAMS, McCOLLUM, MITCHELL and FELL, JJ.
Affirmed.

Assumpsit on contract of guaranty.

The statement of claim averred that plaintiff had constructed
for the Philadelphia Packing and Provision Co. a certain re-
frigerating plant, for which, on or about Nov. 10, 1892, said
company was indebted to him in the sum of $21,000; that the
buildings and lot of said company were subject to lien in favor
of plaintiff for payment of said indebtedness; that defend-
ant was at that time interested in the company's affairs as a
stockholder, and was desirous that plaintiff should release his
right of lien; that defendant, with others likewise interested in
the company, entered into an agreement in writing, summarized
below; that afterwards, in accordance with the terms of said
agreement, and at the request of defendant, plaintiff released
his lien and did all the things agreed by him to be performed;
that about May 18, 1893, the refrigerating plant having been
completed and a satisfactory test having been made, the com-
pany delivered to him its promissory notes; that at the request
of the company and of defendant, he extended the time for the
payment of the first and second of said notes by taking one
note therefor of $3,200 at two months; that the company had
become insolvent and that a receiver had been appointed; and
that certain of the notes had fallen due and were unpaid.

The agreement referred to in the statement of claim recited
an indebtedness of said company to plaintiff in consideration
of the erection of said refrigerating plant in the sum of $21,000,
and the duty, under the original agreement of construction, on
the part of the company, to pay the same by notes to be given
after the satisfactory completion of a thirty days' trial, as fol-
lows: The first of said notes to be payable one month after date
thereof for $1,600. Ten other notes of like amount, each one
falling due one month later than the preceding note, and the
twelfth falling due twelve months after date for $3,400.

The agreement further witnessed that: " For and in consid-
eration of Joseph Koenigsberg's releasing all right of lien upon
the building and the machinery so to be erected, under the said
contract with the Philadelphia Packing and Provision Compa-

ny, we, the undersigned, directors and stockholders of the said Philadelphia Packing and Provision Company, do each of us severally guarantee a ratable part of the payment of the above-recited notes upon the dates upon which the same shall respectively become due; that is to say, we do hereby severally covenant to protect and keep harmless the said Joseph Koenigsberg from the nonpayment of the said notes upon the times and dates above specified; Provided, and it is hereby expressly understood, that each of us shall only be bound for the payment of a pro rata part of such of the said notes as remain unpaid by the said Philadelphia Packing and Provision Company. And it is further understood and agreed that no extension of the said notes shall in any way affect or release the liability under this guarantee."

The original agreement, recited in the guaranty agreement, provided that the first note for $1,600 was to be payable one month after date, and the second for $1,600 two months after date. One note for $3,200, falling due two months after date, was taken, instead of two notes, each for $1,600, one falling at one month and the other at two.

The suit was upon this $3,200 note, and upon two other notes, each for $1,600, one at three and the other at four months.

The affidavit of defence set up that plaintiff continued as a director of the company until Jan. 20, 1893, owning one tenth of the shares of its capital stock; that plaintiff was continuously a director up to the time of suit, and had also been continuously an owner of a large quantity of the company's capital stock; that when the guaranty agreement was entered into it was believed by defendant that the company was indebted to plaintiff in $21,000, for which the latter had a right to file a lien against the company's property. The affidavit denied any request or knowledge on part of defendant of the fact of delivery of one note at two months in place of two notes, one at one, and the other at two months. It denied any request, subsequent to the agreement by defendant to plaintiff, to release his lien. It claimed that defendant was never notified in any way, after signing of the guaranty agreement, that the latter had signed it, or had accepted it, or had released his lien. It denied all knowledge of any such acceptance or sub-

sequent release of lien.  It denied the averment in plaintiff's statement of a request to release.

In a supplement to the affidavit it was set out that, after his execution of his guaranty agreement, defendant had learned that prior thereto there had been a release of lien executed and delivered by plaintiff, of which fact he was ignorant at the time of such execution.  It was claimed further that by the original agreement, of whose terms he was ignorant, between plaintiff and the company, it was provided that defendant should " Preserve the premises aforesaid free and clear of and from all liens and incumbrances arising out of claims for work done."

The court made absolute a rule for judgment for plaintiff for want of a sufficient affidavit of defence.

*Error assigned* was above order.

*John G. Johnson*, for appellant, cited: Kellogg v. Stockton, 29 Pa. 460 ; Baylies on Sureties and Guarantors, p. 194 ; Coe v. Buehler, 110 Pa. 366 ; Davis Sewing Machine Co. v. Richards, 115 U. S. 525 ; Page v. Krekey, 137 N. Y. 307.

*E. O. Michener* and *Preston K. Erdman*, for appellee, cited : Ziegler v. McFarland, 147 Pa. 607 ; Reilly v. Daly, 160 Pa. 605 ; Wayne v. Bank, 52 Pa. 343 ; Beyerle v. Hain, 61 Pa. 226 ; Pardee v. Markle, 111 Pa. 548 ; Union B. & L. Assn. v. Hull, 135 Pa. 565 ; Burkholder's Ex'r v. Plank, 69 Pa. 225 ; Buehler v. Coe, 1 Cent. R. 222 ; Nice v. Walker, 153 Pa. 123 ; Creswell Iron Works v. O'Brien, 156 Pa. 172 ; Lucas v. O'Brien, 159 Pa. 535 ; Davis Sewing Machine Co. v. Richards, 115 U. S. 525 ; Gardner v. Lloyd, 110 Pa. 284 ; 9 A. & E. Ency. L., p. 78 ; Wildes v. Savage, 1 Story, 22 ; Davis v. Wells, 104 U. S. 159 ; Langdell's Cases on Contracts, 987 ; Fitzgerald v. Dressler, 7 C. B. (N. S.) 374 ; De Colyar on Guaranty, pp. 116, 178 ; Elkin v. Timlin, 151 Pa. 491 ; Nugent v. Wolfe, 111 Pa. 471 ; Roberts v. Riddle, 79 Pa. 468 ; McBeth v. Newlin, 15 W. N. 129 ; Smeidel v. Lewellyn, 3 Phila. 70 ; Bussier v. Chew, 5 Phila. 70 ; Shaw v. Church, 39 Pa. 226 ; Dickson v. Wolf, 5 W. N. 37.

PER CURIAM, April 16, 1894:

In his supplemental affidavit of defence the defendant admits and asserts that the plaintiff had already, to wit, on the 25th day of October, 1892, executed a full release of liens on the property in question, before the date of the contract of guaranty, which was Nov. 10, 1892. The consideration for the contract of guaranty was the releasing by the plaintiff of all right of lien upon the building and machinery of the Packing and Provision Company. At the very moment therefore when the defendant signed the guaranty he had received the consideration for which he gave the guaranty. We cannot see why he should not perform his contract. There was no occasion for any notice of acceptance. The circumstance that one note for $3,200 at two months was given in the place of two notes for $1,600 each, one at one month and the other at two months, is of no importance. The liability was precisely the same in amount, and an advantage of a month in the time of payment of one of the notes given by the Packing and Provision Company was no disadvantage to the defendant as guarantor. The contract of guaranty distinctly provided that no extension of the notes should in any way affect or release the liability of the guarantors. The enlargement of the time of payment of one of the $1,600 notes for one month was nothing more than an extension of that note.

Judgment affirmed.